(January 24, 1900.)

## AIKENS v. WILSON.

[59 Pac. 932.]

PROMISSORY NOTE—PAYMENT—NONSUIT.—Where, in an action upon a note, the evidence introduced by the plaintiff, when unexplained, shows, *prima facie*, payment of the note, judgment of nonsuit is proper.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hugh E. McElroy and Frank Martin, for Appellant.

The general rule in the code states is that payment must be specially pleaded, evidence of payment not being admissible in the absence of such plea, under the general denial; a rule generally deducible from statutory provisions requiring a special plea for matters in avoidance of the action, and for new matter in defense, the substance of which requirements is practically the same. (16 Am. & Eng. Ency. of Pl. & Pr., 174, 175.) The burden of proof was on the defendant upon all issues in the case, and a nonsuit under no circumstances could be granted. (*Guttermann v. Schroeder*, 40 Kan. 507, 20 Pac. 230; *Mohr v. Barnes*, 4 Colo. 350; *Kapp v. Runals*, 37 Wis. 135; *Canfield v. Sanders*, 17 Cal. 569; *Edson v. Dillaye*, 8 How. Pr. 273; *Hubler v. Pullen*, 9 Ind. 273, 68 Am. Dec. 620; *McKyring v. Bull*, 16 N. Y. 297, 69 Am. Dec. 696, and note; Abbott's Trial Evidence,

sec. 110, p. 446; *Kersey v. Garton,* 77 Mo. 645; *Lovelock v. Gregg,* 14 Colo. 53, 23 Pac. 86; Bliss on Code Pleading, sec. 357, and note 1.)

J. J. Blake, for Respondent.

We contend that the evidenc adduced at the trial by the plaintiff was wholly insufficient to sustain the allegations of his complaint, and that the motion for nonsuit was properly granted. In order to entitle him to recover, it devolved upon plaintiff to prove nonpayment of the note set out in his complaint. That nonpayment is an essential and material allegation and must be alleged, there can be no question as shown by the following cases: *Hurley v. Ryan,* 119 Cal. 71, 51 Pac. 20; *Ryan v. Holliday,* 110 Cal. 335, 42 Pac. 891; *Scroufe v. Clay,* 71 Cal. 123, 11 Pac. 882; *Vogel v. Walker,* 3 Utah, 227, 2 Pac. 210; *Davany v. Egganhoff,* 42 Cal. 395; *Hershfield v. Aiken,* 3 Mont. 442; *Lent v. New York Ry. Co.,* 130 N. Y. 504, 29 N. E. 988. Even though the burden of proving payment devolved upon the defendant, the admission of the plaintiff that the note in question had been returned to the maker, Jesse Wilson, without facts showing fraud, established a *prima facie* case of payment. Payment of a note is presumed from its possession by its maker. (Lawson's Presumptive Evidence, rule 75, B; Daniel on Negotiable Instruments, sec. 1228; Greenleaf on Evidence, sec. 527; *Turner v. Turner,* 79 Cal. 565, 21 Pac. 959; *Hollenberg v. Lane,* 47 Ark. 394, 1 S. W. 687; *Stevens v. Hannan,* 86 Mich. 305, 24 Am. St. Rep. 125, 48 N. W. 951; *M'Gee v. Prouty,* 9 Met. (Mass.), 547, 43 Am. Dec. 409; *Walker v. Douglass,* 70 Ill. 445.)

QUARLES, J.—The plaintiff obtained a judgment against one Cyrus Jacobs in the probate court in and for Ada county for $254.72, and had execution issued thereon, which was returned, "No property found." Thereafter plaintiff commenced proceedings supplementary to the execution in said probate court, and obtained an order directing him to sue the defendant, Jesse Wilson, an alleged creditor of said Jacobs, for the recovery of money alleged to be due from said defendant

to said Jacobs, for the purpose of satisfying the plaintiff's judgment, whereupon this action was commenced in the district court by the plaintiff against the defendant. The complaint alleges that the defendant is indebted to said Jacobs upon a promissory note in the sum of $2,400. The answer admits the execution of the note, but pleads payment and the bar of the statute of limitations. The cause came on for trial. A jury was called and sworn to try the issues, and the plaintiff introduced in evidence the examination of the defendant in the supplementary proceedings in the probate court, wherein the defendant testified as follows: "Jacobs deeded me some land in 1893, and I gave him a note for about $2,400. It was to have been due in three years from date. It bore legal interest. I paid security debts for Jacobs—$500 to Jack Rein, $400 to the Boise City National Bank, and $250 to the First National Bank. I deny that I owe Jacobs anything at all. The estate owes me $250 to $400. I received the note back. I paid the balance on the note by executing a deed to Mrs. Morgan. The guardian, Mr. Morgan, gave me the note back." Plaintiff then called the probate judge as a witness, who testified that he had examined the records of the probate court relating to the guardianship of Cyrus Jacobs, an incompetent, and could not find any order authorizing Charles D. Morgan, as guardian of Cyrus Jacobs, to compromise or deliver said note to the defendant in consideration of defendant deeding land to said Morgan's wife or any other person. It was stipulated by the parties "that the note set up in this complaint was delivered by Charles D. Morgan, guardian of Cyrus Jacobs, to Jesse Wilson, the maker of the note, somewhere about two years after Jacobs was adjudged incompetent, and after the deed spoken of had been given to Mrs. Morgan, and that Jesse Wilson tore the note up." This was all of the evidence introduced, and the plaintiff rested, whereupon defendant moved for nonsuit on grounds as follows: "1. The plaintiff has failed to prove the nonpayment of the note referred to in plaintiff's complaint; 2. That the return of the note to the maker, Jesse Wilson, without facts showing fraud, is *prima facie* evidence

of payment; 3. The evidence shows the payment of the note referred to in plaintiff's complaint; 4. The evidence shows that the action is barred by the provisions of section 4052 of the Revised Statutes of the state of Idaho (Code of Civil Procedure) ; 5. That the testimony is insufficient to sustain the allegations of plaintiff's complaint." The court granted said motion, and judgment of nonsuit was entered, from which this appeal was taken.

A number of questions are discussed by counsel, but we deem it unnecessary to notice all of them. The evidence introduced by plaintiff shows that the guardian intended to collect the balance on the note, and that defendant intended to pay it by conveying certain real estate to the guardian's wife. No fraud is shown in the transaction, nor does it appear that the guardian has not accounted to the probate court, or paid out properly for his ward the balance collected by him from defendant. The defendant is certainly not liable for the debt twice, nor is the incompetent's estate entitled to it twice. The question as to whether the guardian is dealing fairly with the estate of his ward, or seeking to make profit out of it, does not arise here; that being a question between the guardian and probate court in the matter of settling the guardian's accounts. All that we decide is that the evidence introduced by plaintiff, unexplained, shows *prima facie* payment of the debt sued on, for which reason the plaintiff was properly nonsuited. Judgment affirmed, and costs awarded to respondent.

Huston, C. J., and Sullivan, J., concur.